IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-40962 |
| | ) | |
| JOHN RICHTER and | ) | |
| ROSEMARY RICHTER, | ) | CH. 12 |
| | ) | |
| Debtor(s). | ) | Filing No. 14, 69 |

ORDER

Hearing was held in Lincoln, Nebraska, on May 4, 2005, on the debtors' motion to assume an unexpired lease of property owned by a trust, Filing No. 14. Carolyn Stengel is the trustee of the trust. W. Eric Wood appeared for the debtors, Michael Snyder and Richard Garden, Jr., appeared for Exchange Bank, and Robert Harvoy and Robert Reynolds appeared for Carolyn Stengel.

Additionally, hearing was held on the motion to incur secured indebtedness and grant senior liens on the 2005 crop as collateral for the indebtedness, Filing No. 69, filed by the debtors.

By prior order entered on May 4, 2005, I granted a portion of the motion to assume unexpired leases with regard to the real property used by Mrs. Richter for her beauty shop business.

The motion to assume the lease of the farm real estate owned by the trust is denied. The motion to incur secured debt and grant the post-petition lender a security interest in the 2005 crops, among other things, is denied.

From the evidence presented, I conclude that the debtors have not paid any of the $116,000 rent due in the year 2004. As a result, the lease, if it has not been properly terminated, is in default. In order to assume the lease, the debtors would be required to cure the pre-petition payment default and provide adequate assurance that post-petition rental payments would be made.

The debtors do not have the ability to cure the default and grant adequate assurance.

The above conclusion is based upon the testimony of the bank officer concerning transfers of funds between the accounts of the debtors and the accounts of Ms. Stengel and/or the trust. Although Mr. Richter suggests that rent for at least one year was paid by transfers between the parties, the testimony of the bank officer concerning an analysis of the bank account is convincing.

In addition to the above, the debtors' own tax returns, particularly Schedule F, indicate only minimal rental payments were made in 2002 and 2003. Had the debtors actually made all the rent payments due in 2002 and 2003, it would have been in their best interest to indicate such payment on their Schedule F for each year.

Finally, with regard to the year 2004, Mr. Richter has testified under oath, first, that he did not make any payment of rent in 2004. Then, in another hearing, in a different court, he testified under oath that he paid the 2004 rent in advance in the year 2002. Such testimony is inconsistent with reality in that the trust did not own all of the land in 2002 that Mr. Richter claims he paid rent on for the year 2004.

      Mr. Richter's evidence is not consistent with regard to rental payments and does not reflect the actual activity in the checking accounts.

      As mentioned above, the motions are denied.

      SO ORDERED.

      DATED this 5th day of May, 2005.

      BY THE COURT:

      /s/ Timothy J. Mahoney
      Chief Judge

Notice given by the Court to:
    *W. Eric Wood
    Michael Snyder
    Richard Garden
    Robert Harvoy
    Robert Reynolds
    Richard Lydick
    U.S. Trustee

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.